NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-614-KKC

KENNETH D. CALEY                                                                  PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

D. L. STINE, Warden                                                 RESPONDENT

\*\*\* \*\*\* \*\*\*

Kenneth D. Caley, an individual presently in the custody of the Federal Bureau of Prisons ("BOP") and confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 District Court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner claims that he is serving a sentence which should be shortened by good conduct time ("GCT") credited to his sentence at the statutory rate of 54 days per year, but he must serve longer because the BOP is incorrectly applying the GCT statute, 18 U.S.C. §3624(b), which

he characterizes as a violation of the statute and of his due process and equal protection rights.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a completed petition form, with attachments [Record No. 1], wherein he makes the following allegations.

The petitioner's allegations begin with his guilty plea and February 5, 1992 conviction on four counts of bank robbery and one count of armed bank robbery, in the United States District Court for the Eastern District of Michigan. He was sentenced to the 240-month term of imprisonment which he is now serving. He also has a 1991 state sentence of 13-20 years' imprisonment, which runs concurrently to the federal one and will expire on March 3, 2010.

As to his claims herein, the petitioner complains that because the BOP is improperly applying 18 U.S.C. §3624(b), he must serve longer in prison before being entitled to a halfway house placement, enrollment in a drug program, and a nearer-release transfer close to his home. He specifies that under the BOP's calculation, he is entitled to 940 days of GCT credit, but he should be entitled to 1080 days under the proper calculation.

Claiming that he is similarly situated to the prisoner in another prisoner case about the BOP's interpretation of §3624(b), *Moreland v. Federal Bureau of Prisons*, 363 F.Supp2d 882 (S.D. Tx. 2005), he attaches a copy of the opinion and asks this Court to follow the rationale therein and grant him the same relief herein.

## DISCUSSION

The Court begins with 18 U.S.C. §§3624(b), the statute wherein Congress has provided good conduct time (GCT) for prisoners. The subsection reads in pertinent part as follows:

(b) Credit toward service of sentence for satisfactory behavior.

> (1) ... [A] prisoner who is serving a *term of imprisonment* of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. §§3624(b) (emphasis added).

Briefly stated, the petitioner contends that by using the phrase "term of imprisonment," an unambiguous term of art used elsewhere in the legislation, Congress means "the sentence imposed" by the sentencing Court; therefore, he is entitled to the length of his sentence in years, multiplied by 54 days. However, the BOP has interpreted the same statutory language to mean "the time actually served," and under the BOP's interpretation, a prisoner's annual award is less because an inmate will not actually serve his full sentence in any year if he earns GCT for that year. The BOP has promulgated 28 C.F.R. §523.20 to reflect its interpretation as time actually served; the regulation provides for the §3624(b) award, as follows:

> an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. §523.20. *See also* Program Statement (P.S.) 5880.28, the BOP's Sentence Computation Manual, containing policy and the method for computing GCT based on the time served.

The BOP's method of calculating prisoners' good conduct time under 18 U.S.C. §3624(b) has been challenged in several courts recently, including this Court. In February of this year, in

3

*Robert William Petty v. D.L. Stine*, *Warden*, London No. 05-CV-63-DCR, this Court upheld the BOP Program Statement's method of calculation as reasonable and denied habeas relief to another inmate at the same BOP prison. That decision has now been affirmed in *Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. September 19, 2005), a published a opinion containing citations to cases of other circuits and its own unpublished decisions, including *Williams v. Lamanna*, 20 Fed.Appx 360, 2001 WL 1136069 (6th Cir. 2001) (unpublished), and *Brown v. Hemingway*, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) (unpublished).

With regard to the petitioner's cited case, he is informed that the Texas court's decision was recently reversed on appeal, *Moreland v. Federal Bureau of Prisons*, \_\_\_\_ F.3d \_\_\_\_, 2005 WL 3030414 (5th Cir. November 10, 2005). Further, to the extent that the instant petitioner urges violations of his due process and equal protection rights, he has failed to supply any facts to support such claims. Even *pro se* pleadings must meet some minimal pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Mr. Caley has utterly failed to show how he has been denied equal protection under the law. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). Nor does the petitioner explain any basis for his claim that the BOP's interpretation and corresponding GCT award deprive him of rights conferred by the due process clause of the U.S. Constitution. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Greenholtz v. Inmates of the Nebraska Penal Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, the instant petitioner has also failed to state a constitutional claim upon which this Court may grant relief, and dismissal is required.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Caley's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2) the action herein will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this the 8th day of December, 2005.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**